```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

BENJAMIN B. VITI                    :   BK No. 10-11157
          Debtor                        Chapter 11
- - - - - - - - - - - - - - - - - -x
BENJAMIN B. VITI                    :
          Plaintiff
v.                                  :   A.P. No. 10-1054

FRANK MATTOS, an Individual, d/b/a  :
MATTOS & ASSOCIATES, LLC
          Defendant
- - - - - - - - - - - - - - - - - -x
FRANK MATTOS                        :
          Counter-Claimant
v.                                  :

BENJAMIN B. VITI                    :
          Counter-Defendant
- - - - - - - - - - - - - - - - - -x
```

### ORDER

APPEARANCES:

    Vincent A. Indeglia, Esq.
    Attorney for Plaintiff/CounterDefendant,
      Benjamin B. Viti
    INDEGLIA & ASSOCIATES
    300 Centerville Road, Suite 300 East
    Warwick, Rhode Island 02886

    Joelle C. Sylvia, Esq.
    Attorney for Defendant/CounterClaimant,
      Frank Mattos, an Individual, d/b/a Mattos & Associates, LLC
    LAW OFFICES OF MICHAEL A. KELLY, PC
    128 Dorrance Street, Suite 300
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-11157; A.P. No. 10-1054

Heard on January 13, 2011, on: (1) Benjamin B. Viti's ("Viti") Motion for Summary Judgment (Doc. No. 24); and (2) Viti's Motion to Dismiss Counts III and V of the Counterclaim (Doc. No. 25) brought by Frank Mattos, an individual, d/b/a Mattos & Associates, LLC ("Mattos").

After hearing, and based upon Mattos' arguments in opposition to Viti's Motion for Summary Judgment, which are adopted and incorporated herein by reference, the Court **SUSTAINS** Mattos' Objection, and **DENIES** Viti's Motion for Summary Judgment.

On Viti's Motion to Dismiss Counts III and V of the Counterclaim, Mattos represented that he was withdrawing Count III, and it is so **ORDERED**.

As to Count V of the Counterclaim, this is Viti's Second Motion to Dismiss. At the prior hearing on the original Motion to Dismiss Counterclaim, the Court ruled that Count V should be dismissed, *without prejudice*, as it failed to state with sufficient particularity the circumstances constituting fraud, and allowed Mattos ten days within which to file an amended counterclaim. Mattos timely filed an "Amended Answer and Verified Counterclaim," and Viti subsequently filed the instant Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 9(b), as made applicable through Bankr. R. 7009, when alleging fraud or mistake "a party must state with particularity the circumstances constituting fraud or

1

BK No. 10-11157; A.P. No. 10-1054

mistake." Despite having a rare second opportunity to re-plead, Mattos still fails to allege with sufficient particularity any facts constituting fraud on the part of Viti. Mattos also fails to provide any factual basis upon which he would have been induced to rely on an act, omission or representation of Viti. While Counterclaim V *does* suggest facts that might implicate certain misrepresentations by Benjamin Viti, Jr., he (Viti, Jr.) is *not* a party to this Adversary Proceeding, nor is he a debtor before this Court. Therefore, Count V of the Counterclaim is **DISMISSED**, with prejudice.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 4th day of March, 2011.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 3/4/11

2